IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RICKY EDWARD MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:20CV548 |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on September 9, 2021, was served on the parties in this action. Plaintiff filed Objections to the Magistrate Judge's Recommendation within the time limits prescribed by 28 U.S.C. § 636. [Doc. #17.] In his Objections, Plaintiff argues, for the first time in this action, that the ALJ erred by "divid[ing] a composite past relevant job into component parts and find[ing Plaintiff] capable of performing an individual component," as well as by "find[ing Plaintiff] capable of performing a composite past relevant job as it is generally performed." (Id. at 1 (bold font omitted).) In that regard, Plaintiff contends that this Court "has previously recognized that, '[b]ecause a composite job has no equivalent in the [Dictionary of Occupational Titles], the ALJ must find the [p]laintiff capable of performing the composite job only if he or she can perform

all parts of the job as it was actually performed.'" (Id. at 3 (quoting Taylor v. Colvin, No. 1:14CV629, 2015 WL 4726906, at *4 (M.D.N.C. Aug. 10, 2015) (unpublished) (Peake, M.J.), recommendation adopted, slip op. (M.D.N.C. Sept. 9, 2015) (Schroeder, J.)) (internal quotation marks omitted).)

Even assuming, arguendo, that Plaintiff's newly-raised argument on Objections has merit, Plaintiff cannot prevail. Plaintiff waived that argument by failing to raise it in either his Brief Supporting Motion to Reverse the Decision of the Commissioner of Social Security [Doc. #11] or his Brief in Reply to Defendant's Memorandum in Support of the Commissioner's Motion for Judgement on the Pleadings [Doc. #14] before the Magistrate Judge. In those documents, Plaintiff contended that "[t]he ALJ committed a reversible error by failing to conduct a proper function-by-function analysis of [Plaintiff]'s exertional and nonexertional capacities and by failing to explain how the evidence supports the hearing decision's residual functional capacity assessment." [Doc. #11 at 3 (bold font omitted).] More specifically, Plaintiff maintained that "[t]he ALJ's RFC assessment fails to establish that [Plaintiff] retains the ability to perform his medium level past relevant work because it fails to specify how long he can sit, stand, walk, or bend" (id. at 9 (emphasis added); see also Doc. #14 at 2), and deemed the ALJ's alleged error in that regard "highly significant given the sitting and bending requirements of [Plaintiff]'s past relevant work" [Doc. #11 at 10; see also Doc. #14 at 7.] Indeed, before the Magistrate Judge, Plaintiff described the ALJ's step four finding as

2

follows:

> At step four of sequential evaluation, the ALJ found that [Plaintiff] is not disabled because his RFC leaves him "capable of performing his past relevant work as a <u>tune-up mechanic</u> and a <u>tractor-trailer truck driver</u> . . . <u>as generally performed</u>" (Tr. 20-21). The ALJ cited the testimony of a vocational expert (VE) to reach this finding (*Id.*). The VE testified that [Plaintiff]'s <u>past jobs as generally performed</u> could be performed by a hypothetical individual who can lift and carry 50 pounds occasionally and 25 pounds frequently; sit, stand, and walk for 6 hours, and stoop frequently (Tr. 51-52).

[Doc. #11 at 6-7 (emphasis added); <u>see also</u> Doc. #14 at 1-2.] Significantly, Plaintiff neither characterized his prior jobs as "composite jobs," nor faulted the ALJ for dividing the composite jobs into component parts and/or for finding Plaintiff capable of those jobs as generally performed. [See Docs. #11, 14.]

This Court has long held that a party waives arguments raised for the first time on objections. <u>See</u> <u>Farm Lab. Org. Comm. v. Stein</u>, No. 1:17CV1037, 2021 WL 1195803, at *1 n.* (M.D.N.C. Mar. 30, 2021) (unpublished) (Biggs, J.) ("By failing to r[aise] this issue in [his] summary judgment briefing, Plaintiff[] . . . forfeited [his] opportunity to object on this basis."), <u>appeal filed</u>, No. 21-1541 (4th Cir. May 6, 2021); <u>see also</u> <u>Bernal v. United States</u>, No. 1:14CR23-2, 2020 WL 6156773, at *2 (M.D.N.C. Oct. 21, 2020) (unpublished) (Osteen, J.) ("[T]he court need not consider new arguments raised by a party for the first time in objections to a magistrate [judge's] recommendation."); <u>Oneal v. Berryhill</u>, No. 1:16CV253, 2017 WL 3891787, at *1 (M.D.N.C. Sept. 5, 2017) (unpublished) (Biggs, J.) ("[I]ssues . . . raised for the first time in objections to the magistrate judge's

3

recommendation, are deemed waived." (internal quotation marks and brackets omitted)); Coleman v. Colvin, No. 1:15CV751, 2016 WL 5372817, at *1 (M.D.N.C. Sept. 26, 2016) (unpublished) (Schroeder, J.) (same). As well-explained by a neighboring district court:

> "A magistrate's decision should not be disturbed on the basis of arguments not presented to him." Keitt v. Ormond, 2008 WL 4964770, at *1 (S.D.W. Va. Nov. 13, 2008) (quoting Jesselson v. Outlet Associates of Williamsburg, Ltd. P'ship, 784 F. Supp. 1223, 1228 (E.D. Va. 1991)). "[T]he purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work." Id. at *2 (quoting Jesselson, 784 F. Supp. at 1228 29). "Allowing parties . . . to raise new issues or arguments at any point in the life of a case would" frustrate this purpose and "result in a needless complication of litigation." Id. Instead, "[p]arties should fully plead their claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them." Id.

ContraVest Inc. v. Mt. Hawley Ins. Co., 273 F. Supp. 3d 607, 620 (D.S.C. 2017); see also Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) (finding that requiring a district court to consider new arguments raised in objections would unfairly benefit litigants who change tactics in response to unfavorable recommendation from magistrate judge); Jimenez v. Barnhart, 46 F. App'x 684, 685 (3d Cir. 2002) ("[B]ecause [a]ppellant raised the argument . . . for the first time in her objections to the [m]agistrate [j]udge's [r]eport and [r]ecommendations, and not in her opening brief, we deem this argument waived."); Greenhow v. Sec'y of Health & Human Servs., 863 F.2d 633, 638 (9th Cir. 1988) ("We do not believe that the Magistrates Act was intended to give litigants an opportunity to run one

4

version of their case past the magistrate, then another past the district court."), overruled in part on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987) (holding that "[a]ppellant was entitled to a de novo review by the district court of the [magistrate judge's] recommendations to which he objected, however he was not entitled to a *de novo* review of an argument never raised") (internal citation omitted). Although the decision to address such waived arguments lies within the court's "sound discretion," Dune v. G4s Regulated Sec. Sols., Inc., No. 0:13CV1676, 2015 WL 799523, at *2 (D.S.C. Feb. 25, 2015) (unpublished), the Court finds no basis to exercise such discretion in the instant case, particularly given that Plaintiff also failed to 1) raise any issue regarding composite jobs during the hearing before the ALJ, despite the opportunity to cross-examine the VE (see Tr. at 53-56)[1], and 2) make any argument concerning composite jobs in his request for review with the Appeals Council (see Tr. at 238-39).

As for the remainder of Plaintiff's Objections, the Court has conducted a de novo review in accord with the Recommendation. The Court, therefore, adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that the Commissioner's decision finding no disability is affirmed, that Plaintiff's Motion for Judgment Reversing the Decision of the Commissioner of Social Security [Doc. # 10] is denied, that Defendant's

---

[1] Citations to "Tr. at _" refer to the certified administrative transcript.

Motion for Judgment on the Pleadings [Doc. # 12] is granted, and that this action is dismissed with prejudice.  A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 20th day of December, 2021.

/s/ N. Carlton Tilley, Jr.<br>Senior United States District Judge

6

Case 1:20-cv-00548-NCT-LPA   Document 20   Filed 12/20/21   Page 6 of 6